**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────

**No. 09-5175**

───────────

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

   v.

WILLIAM JOSEPH INMAN,

        Defendant - Appellant.

───────────

Appeal from the United States District Court for the Eastern District of North Carolina, at New Bern.  Louise W. Flanagan, Chief District Judge.  (7:08-cr-00119-FL-1)

───────────

Submitted:  October 3, 2011       Decided:  November 2, 2011

───────────

Before NIEMEYER, MOTZ, and DIAZ, Circuit Judges.

───────────

Affirmed in part, vacated in part, and remanded by unpublished per curiam opinion.

───────────

Thomas P. McNamara, Federal Public Defender, G. Alan DuBois, Assistant Federal Public Defender, James E. Todd, Jr., Research and Writing Attorney, Raleigh, North Carolina, for Appellant. George E. B. Holding, United States Attorney, Jennifer P. May-Parker, Kristine L. Fritz, Assistant United States Attorneys, Raleigh, North Carolina, for Appellee.

───────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

William Joseph Inman challenges his conviction after a jury trial for possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1) (2006), and his designation as an armed career criminal under 18 U.S.C. § 924(e)(2)(B) (2006). For the reasons set forth below, we affirm Inman's conviction, vacate his sentence, and remand for resentencing.

Inman asserts that the district court erred by refusing to give his proposed jury instruction on the affirmative defense of justification. "A defendant is entitled to an instruction as to any recognized defense for which there exists evidence sufficient for a reasonable jury to find in his favor." United States v. Ricks, 573 F.3d 198, 200 (4th Cir. 2009) (internal quotation marks and alteration omitted). This court also has recognized that "[i]f . . . an affirmative defense consists of several elements and testimony supporting one element is insufficient to sustain it even if believed, the trial court and jury need not be burdened with testimony supporting other elements of the defense." United States v. Sarno, 24 F.3d 618, 621 (4th Cir. 1994) (internal quotation marks omitted). Our de novo review of the record convinces us that the district court correctly concluded the evidence did not warrant an instruction on the justification defense. See United States v. Crittendon, 883 F.2d 326, 330 (4th Cir. 1989) (listing

2

elements of the justification defense); see also Ricks, 573 F.3d at 200 (stating standard of review).

Inman also argues, as he did in the district court, that his prior state felony convictions were not punishable under North Carolina law by a term of imprisonment exceeding one year. He therefore asserts that the district court improperly designated him as an armed career criminal. We have reviewed the record in light of our recent decision in United States v. Simmons, 649 F.3d 237 (4th Cir. 2011) (en banc),[*] and agree with Inman.

Accordingly, we affirm Inman's conviction, vacate Inman's sentence, and remand to the district court for resentencing. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED IN PART,
VACATED IN PART,
AND REMANDED

---

[*] The district court did not have the benefit of our decision in Simmons when it sentenced Inman.